IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 18-cv-867 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL KUSEK, JILL KUSEK, ) | |
| ONEIDA COUNTY, ) | |
| WISCONSIN DEPARTMENT OF REVENUE, ) | |
| WISCONSIN PUBLIC SERVICE, ) | |
| RHINELANDER DENTAL, ) | |
| SACRED HEART MARYS HOSPITAL I, and ) | |
| MINISTRY MEDICAL GROUP ) | |
| NORTHERN. ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' COMPLAINT**

Plaintiff, the United States of America, for its complaint alleges as follows:

1. This is a civil action in which the United States seeks to:

    a. Reduce to judgment assessments made against Michael Kusek, d/b/a Island Bay Printing, for unpaid unemployment tax liabilities;

    b. Reduce to judgment assessments made against Michael Kusek, d/b/a Island Bay Printing, for unpaid employment tax liabilities;

    c. Enforce federal tax liens against the real property described herein and located in Oneida County, Wisconsin;

    d. Obtain an order authorizing the sale of the subject property; and

    e. Have the proceeds from the sale distributed in the amounts and order of priority determined by the Court.

### Authorization

2.  This action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the United States Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403.

### Jurisdiction and Venue

3.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

### Parties

5.  Plaintiff is the United States of America.

6.  Defendant Michael Kusek is located in Oneida County, Wisconsin, within this judicial district.

7.  Defendant Jill Kusek is located in Oneida County, Wisconsin, within this judicial district, and is named as a defendant to Count III pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the property at issue. Jill Kusek is the wife of defendant Michael Kusek.

8.  Oneida County is a County in the State of Wisconsin. It is named as a defendant pursuant to Count III pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

9.  The Wisconsin Department of Revenue is located in Madison, Wisconsin. It is named as defendant to Count III pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

10. Wisconsin Public Service is located in Green Bay, Wisconsin. It is named as defendant to Count III pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

11. Rhinelander Dental LLC is located in Rhinelander, Wisconsin. It is named as defendant to Count III pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

12. Sacred Heart St. Mary's Hospital is located in Rhinelander, Wisconsin. It is named as defendant to Count III pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

13. Defendant Ministry Medical Group Northern is located in Rhinelander, Wisconsin. It is named as defendant to Count III pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

## COUNT I: REDUCE TO JUDGMENT UNEMPLOYMENT TAX ASSESSMENTS AGAINST MICHAEL KUSK

14. The United States incorporates by reference paragraphs 1-6 of this complaint.

15. Upon information and belief, at all times relevant to this litigation, Michael Kusek conducted business as the sole proprietor of Island Bay Printing, a commercial printing business, in Rhinelander, Wisconsin, within this judicial district.

16. "Michael D. Kusek dba Island Bay Printing" has the EIN ending in 5013 (hereinafter "Island Bay").

17. Michael Kusek has outstanding federal unemployment tax liabilities related to his business, Island Bay.

18.     For tax years 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012, Michael Kusek filed federal unemployment tax returns (Forms 940) and failed to pay all of the taxes he reported he owed.

19.     For the periods identified in Table 1 below, Michael Kusek filed unemployment (Form 940) tax returns with the IRS reporting unemployment taxes owed. For the periods described below in Table 1, Michael Kusek signed the Form 940 submitted to the Internal Revenue Service.

20.     For the tax periods, and in the amounts, specified below in Table 1, a delegate of the Secretary of the Treasury made assessments against Michael Kusek for the Form 940 taxes that he reported he owed, plus interest, penalties, and other statutory additions:

**Table 1: Form 940 Tax Liabilities**

| Tax Year | Date of Assessment | Tax Assessed | Interest Assessed | Penalties Assessed | Total Balance Due as of 9/14/18 |
|---|---|---|---|---|---|
| 12/31/2005 | 8/6/2012 | $179.30 | $90.33 | $85.16 | $438.69 |
| 12/31/2006 | 8/6/2012 | $169.40 | $63.92 | $80.46 | $387.99 |
| 12/31/2007 | 8/6/2012 | $185.78 | $47.49 | $88.24 | $397.57 |
| 12/31/2008 | 8/6/2012 | $168.00 | $28.83 | $73.92 | $341.53 |
| 12/31/2009 | 8/6/2012 | $168.00 | $19.28 | $63.84 | $328.75 |
| 12/31/2010 | 8/6/2012 | $112.00 | $7.10 | $35.84 | $211.44 |
| 12/31/2011 | 8/6/2012 | $154.00 | $2.93 | $40.04 | $61.12 |
| **Total Balance Due as of Sept. 14, 2018:** | | | | | **$2,167.09** |

21.     Notices of the assessments referred to in paragraph 20 and Table 1, and demands for payment, were given to Michael Kusek on or about the date the assessments were made.

22.     Despite notices of assessments and demands for payment, Michael Kusek has failed to pay over the liabilities set forth in paragraph 20 and Table 1. Interest and statutory additions thereafter provided for by law have accrued on the assessed amounts and will continue to accrue until the liabilities are paid in full.

23.  As a result, Michael Kusek is indebted to the United States for unpaid unemployment taxes, penalties, and interest totaling $2,167.09 as of September 14, 2018, plus interest and other statutory additions as allowed by law.

WHEREFORE, the United States requests that the Court:

A.  Enter judgment on Count I of this complaint in favor of the United States and against Michael Kusek for $2,167.09 as of September 14, 2018, with interest and statutory additions that have accrued and will continue to accrue according to law; and

B.  Grant the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper.

## COUNT II: REDUCE TO JUDGMENT EMPLOYMENT TAX ASSESSMENTS AGAINST MICHAEL KUSEK

24.  The United States incorporates by reference paragraphs 1-6 and 15-16 of this complaint.

25.  Michael Kusek has outstanding employment tax liabilities related to his business, Island Bay.

26.  For tax periods in 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012, Michael Kusek filed employment tax returns (Forms 941) and failed to pay all of the taxes he reported he owed.

27.  For the periods identified in Table 2 below, Michael Kusek filed federal employment (Form 941) tax returns with the IRS reporting employment taxes owed. For the periods described in Table 2, Michael Kusek signed the Form 941 submitted to the Internal Revenue Service.

5

28. For the tax periods, and in the amounts, specified below in Table 2, a delegate of the Secretary of the Treasury made assessments against Michael Kusek for the Form 941 taxes that he reported he owed, plus interest, penalties, and other statutory additions:

**Table 2: Form 941 Liabilities**

| Tax Period Ending | Date of Assessment | Tax Assessed | Interest Assessed | Penalties Assessed | Total Balance Due as of 9/14/18 |
|---|---|---|---|---|---|
| 9/30/2003 | 9/17/2012 | $6,537.23 | $4,748.44 | $3,758.03 | $18,032.01 |
| 12/31/2003 | 9/17/2012 | $6,628.64 | $4,685.17 | $3,811.46 | $19,045.50 |
| 3/31/2004 | 8/13/2012 | $6,565.42 | $4,470.17 | $3,775.11 | $18,707.59 |
| 6/30/2004 | 8/13/2012 | $6,618.75 | $4,359.46 | $3,805.79 | $18,677.87 |
| 9/30/2004 | 8/13/2012 | $6,784.98 | $4,330.41 | $3,901.35 | $18,975.74 |
| 12/31/2004 | 8/13/2012 | $6,797.88 | $1,608.32 | $1,501.05 | $7,225.75 |
| 3/31/2005 | 8/13/2012 | $5,307.14 | $2,119.60 | $2,061.72 | $9,819.27 |
| 6/30/2005 | 8/20/2012 | $5,969.51 | $3,372.32 | $3,432.47 | $16,145.03 |
| 9/30/2005 | 8/13/2012 | $6,401.10 | $3,428.12 | $3,680.63 | $17,089.87 |
| 12/31/2005 | 8/6/2012 | $6,011.31 | $3,028.34 | $3,446.49 | $6,676.68 |
| 3/31/2006 | 8/6/2012 | $5,918.17 | $2,808.29 | $3,402.94 | $15,362.98 |
| 6/30/2006 | 8/6/2012 | $5,675.34 | $2,516.33 | $3,263.31 | $14,514.06 |
| 9/30/2006 | 8/6/2012 | $5,329.65 | $2,185.58 | $3,064.54 | $13,410.53 |
| 12/31/2006 | 8/6/2012 | $5,329.65 | $2,011.64 | $3,064.54 | $13,195.49 |
| 3/31/2007 | 8/6/2012 | $4,265.84 | $1,478.06 | $2,452.85 | $10,398.35 |
| 6/30/2007 | 8/6/2012 | $3,800.37 | $1,197.58 | $2,185.20 | $9,116.32 |
| 12/31/2007 | 8/13/2012 | $3,221.37 | $256.63 | $475.46 | $2,141.68 |
| 3/31/2008 | 8/6/2012 | $398.16 | $256.63 | $475.46 | $7,799.99 |
| 6/30/2008 | 8/6/2012 | $3,336.32 | $703.57 | $1,901.70 | $7,571.60 |
| 9/30/2008 | 8/6/2012 | $3,384.49 | $648.96 | $1,878.39 | $7,596.12 |
| 12/31/2008 | 8/6/2012 | $3,436.84 | $590.14 | $1,855.89 | $7,623.73 |
| 3/31/2009 | 8/13/2012 | $2,968.15 | $465.15 | $1,558.27 | $6,521.27 |
| 6/30/2009 | 8/6/2012 | $2,981.29 | $426.53 | $1,520.46 | $6,495.66 |
| 9/30/2009 | 8/13/2012 | $2,992.35 | $386.41 | $1,481.21 | $6,464.20 |
| 12/31/2009 | 8/6/2012 | $2,951.26 | $338.75 | $1,416.61 | $6,322.50 |
| 3/31/2010 | 8/6/2012 | $2,313.78 | $235.49 | $844.53 | $4,487.67 |
| 6/30/2010 | 8/6/2012 | $2,506.60 | $221.75 | $877.30 | $4,816.93 |
| 9/30/2010 | 8/6/2012 | $2,506.59 | $188.71 | $1,090.36 | $5,237.04 |
| 12/31/2010 | 8/6/2012 | $2,699.41 | $170.98 | $1,133.75 | $5,596.30 |
| 3/31/2011 | 8/6/2012 | $2,272.12 | $120.19 | $693.00 | $4,256.97 |

| | | | | | |
|---|---|---|---|---|---|
| 6/30/2011 | 8/6/2012 | $2,472.73 | $99.11 | $717.09 | $4,590.18 |
| 9/30/2011 | 8/6/2012 | $2,663.01 | $75.78 | $732.33 | $4,901.44 |
| 12/31/2011 | 8/6/2012 | $2,472.80 | $47.03 | $642.93 | $4,519.08 |
| 3/31/2012 | 8/6/2012 | $2,472.80 | $21.74 | $272.01 | $4,071.57 |
| 6/30/2012 | 8/27/2012 | $2,472.79 | $5.48 | $12.36 | $3,841.33 |
| | | | **Total Balance Due as of Sept. 14, 2018:** | | **$331,248.30** |

29.  Notices of the assessments referred to in paragraph 28 and Table 2, and demands for payment, were given to Michael Kusek on or about the date the assessments were made.

30.  Despite notices of assessments and demands for payment, Michael Kusek has failed to pay over the liabilities set forth in paragraph 28 and Table 2. Interest and statutory additions thereafter provided for by law have accrued on the assessed amounts and will continue to accrue until the liabilities are paid in full.

31.  As a result, Michael Kusek is indebted to the United States for unpaid employment taxes, penalties, and interest totaling $331,248.30 as of September 14, 2018, plus interest and other statutory additions as allowed by law.

WHEREFORE, the United States requests that the Court:

A.  Enter judgment on Count II of this complaint in favor of the United States and against Michael Kusek for $331,248.30 as of September 14, 2018, with interest and statutory additions that have accrued and will continue to accrue according to law; and

B.  Grant the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper.

//

//

## COUNT III: ENFORCE FEDERAL TAX LIENS AGAINST THE PROPERTY

32.    The United States incorporates by reference paragraphs 1-13 of this complaint.

### The Real Property at Issue

33.    By warranty deed dated March 15, 1995 and recorded at Document No. 441799 with Oneida County, Michael and Jill Kusek acquired the real property at 4085 County Hwy W, Rhinelander, Wisconsin in Oneida County, Wisconsin (hereinafter, the "Property"), which is legally described as:

> A portion of Government Lot 11, Section 29, Township 37 North, Range 9 East, described by metes and bounds as follows:
> Commencing at a stake in the west line of the Eagle River Road, which stands 12 rods south of the east and west one-quarter line through said Section 29; and from a point thereon which is 22 rods west of the section center which is the northeast corner of said Lot 11; running thence west parallel with said one-quarter line 4 chains and 76 links, thence south at right angles 3 chains and 75 links; thence east parallel with said one-quarter line 3 chains and 24 links to the west line of the Eagle River Road; thence N. 22° E. 4 chains and 5 links to the place of beginning.

### Federal Tax Liens at Issue

34.    By reason of the assessments described in Tables 1-2 and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of assessment in the amounts of the assessments plus interest and statutory additions accruing thereon under law. These tax liens attached to all property and rights to property, including beneficial or equitable interests, then owned or thereafter acquired, of Michael Kusek.

35.    The IRS filed notices of these federal tax liens with the Oneida County Register of Deeds against Michael Kusek (Table 3) as follows:

//

//

**Table 3: Notice of Federal Tax Liens**

| Tax Period | Tax Type | Date Notice Filed: |
|---|---|---|
| 9/30/2003 | 941 | 10/9/2012 |
| 12/31/2003 | 941 | 10/9/2012 |
| 3/31/2004 | 941 | 9/17/2012 |
| 6/30/2004 | 941 | 9/17/2012 |
| 9/30/2004 | 941 | 9/17/2012 |
| 12/31/2004 | 941 | 9/17/2012 |
| 3/31/2005 | 941 | 9/17/2012 |
| 6/30/2005 | 941 | 9/17/2012 |
| 9/30/2005 | 941 | 9/17/2012 |
| 12/31/2005 | 940 | 9/17/2012 |
| 12/31/2005 | 941 | 9/17/2012 |
| 3/31/2006 | 941 | 9/17/2012 |
| 6/30/2006 | 941 | 9/17/2012 |
| 9/30/2006 | 941 | 9/17/2012 |
| 12/31/2006 | 940 | 9/17/2012 |
| 12/31/2006 | 941 | 9/17/2012 |
| 3/31/2007 | 941 | 9/17/2012 |
| 6/30/2007 | 941 | 9/17/2012 |
| 12/31/2007 | 940 | 9/17/2012 |
| 12/31/2007 | 941 | 9/17/2012 |
| 3/31/2008 | 941 | 9/17/2012 |
| 6/30/2008 | 941 | 9/17/2012 |
| 9/30/2008 | 941 | 9/17/2012 |
| 12/31/2008 | 940 | 9/17/2012 |
| 12/31/2008 | 941 | 9/17/2012 |
| 3/31/2009 | 941 | 9/17/2012 |
| 6/30/2009 | 941 | 9/17/2012 |
| 9/30/2009 | 941 | 9/17/2012 |
| 12/31/2009 | 940 | 9/17/2012 |
| 12/31/2009 | 941 | 9/17/2012 |
| 3/31/2010 | 941 | 9/17/2012 |
| 6/30/2010 | 941 | 9/17/2012 |
| 9/30/2010 | 941 | 9/17/2012 |
| 12/31/2010 | 940 | 9/17/2012 |
| 12/31/2010 | 941 | 9/17/2012 |
| 3/31/2011 | 941 | 9/17/2012 |

| | | |
|---|---|---|
| 6/30/2011 | 941 | 9/17/2012 |
| 9/30/2011 | 941 | 9/17/2012 |
| 12/31/2011 | 940 | 9/17/2012 |
| 12/31/2011 | 941 | 9/17/2012 |
| 3/31/2012 | 941 | 9/17/2012 |
| 6/30/2012 | 941 | 9/21/2012 |

36. The federal tax liens (described in paragraph 35) attached to, and should be enforced against, the Property, and the Property should be sold pursuant to Court order.

37. Kusek's employment and unemployment tax liabilities (described above in paragraphs 20 and 28) were incurred during his marriage and incurred in the interest of his marriage and/or family. For these reasons, 100% of the proceeds from the sale of the Property will be available to satisfy Kusek's obligations to the United States. *See* W.S.A. § 766.55 (obligations incurred by spouse during marriage are incurred in interest of marriage or family and obligations can be satisfied from marital property).

WHEREFORE, the United States requests that the Court enter judgment on Count III of the complaint as follows:

A. Grant judgment in favor of the United States and declare that the United States has valid and subsisting federal tax liens that attach to all property and rights to property of Michael Kusek, including the Property;

B. Order that the federal tax liens be enforced against the Property and that the Property be sold;

C. Order that any defendant claiming an interest in the proceedings from the sale of the Property affirmatively demonstrate that interest;

D.  Order that the proceeds from the sale of the Property be paid to the United States, or that a portion of the proceeds be paid to the United States if there is a lien found to be superior to the United States' tax liens; and

E.  Grant the United States such other and further relief as the Court deems just and proper, including its costs incurred in this suit.

Dated: October 23, 2018

RICHARD ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
DC Bar No. 1006292
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
202-305-1672 (v)
202-514-6770 (f)
Gretchen.E.Nygaard@usdoj.gov